Tommie L. RIOS, Appellant,

v.

*Joanne B. BARNHART, Commissioner Social Security *(Pursuant to F.R.A.P.43(c)).

No. 02–1869.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Feb. 4, 2003.

Decided Feb. 4, 2003.

Before SLOVITER, RENDELL and STAPLETON, Circuit Judges.

OPINION OF THE COURT

RENDELL, Circuit Judge.

Tommie Lou Rios appeals from the District Court's order entered on January 22, 2002, upholding the Social Security Administration's determination of her onset date of disability benefits. We will affirm.

Tommie Lou Rios, a college graduate with experience as an accountant and fi-

nancial consultant, suffers from a number of ailments, including the serious residual effects of an injury to her right index finger, arthritis in her right knee, high blood pressure, heart problems, mild dementia, and a depressive disorder. In 1995, Rios filed an application with the Social Security Administration for disability benefits, alleging a disability onset date of July 23, 1994. After a hearing, the ALJ denied Rios's application, finding that Rios was not disabled during the relevant time period. Rios sought review of the decision in the District Court, an action that was ultimately remanded back to the Commissioner because the tape recording of the administrative hearing could not be located for transcription. A new hearing was held on July 10, 2000, at which the ALJ concluded that Rios became disabled on December 18, 1998, and Rios was awarded benefits as of that date. On December 28, 2000, the decision of the ALJ became the final decision of the Commissioner, and Rios again sought review in the District Court, challenging the ALJ's determination of her disability onset date. On January 22, 2002, the District Court affirmed the decision of the Commissioner. This timely appeal followed.

We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). Although Rios alleges that the ALJ committed a wide variety of errors, we can find no basis upon which to disturb the ALJ's conclusions. Our review is limited to ensuring that the ALJ's decision was supported by substantial evidence, which is "more than a mere scintilla," and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[1] *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *see also Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir.2002); *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir.2001).

 Rios has continually maintained that the onset date of her disability was in July of 1994. That claim was rejected in both hearings before the ALJ, and there is substantial evidence in the record that supports the ALJ's conclusions. There is no persuasive evidence—medical or otherwise—suggesting that Rios's various ailments prevented her from working in her previous capacity prior to the onset date established by the ALJ.[2] Rios's previous work as an accountant and financial con-

---

**1.** We note that Rios's brief is scattered with miscellaneous undeveloped allegations of error, and that to the extent that some of these allege more than that the ALJ's decision was unsupported by substantial evidence—for instance, Rios's apparent claim that the ALJ misapplied the five-step sequential analysis—we find them without legal merit.

**2.** The only medical evidence even potentially in conflict with the ALJ's findings is the report from Rios's chiropractor, Dr. Straughn. Rios places heavy emphasis on Dr. Straughn's report, which stated that Rios's "neck, shoulder and arm problem ha[d] denied her the ability to perform her job" during the period in which he treated her—from August to November 1995. We have recognized, however, that "a chiropractor's opinion is not 'an acceptable medical source' entitled to controlling weight." *Hartranft v. Apfel*, 181 F.3d

358, 361 (3d Cir.1999). Instead, a chiropractor's opinion may be considered by the ALJ "insofar as it is deemed relevant to assessing a claimant's disability." *Hartranft*, 181 F.3d at 361; *see also* 20 C.F.R. § 416.913(e)(3). Here, although Dr. Straughn opined that Rios could not perform her job, his findings of her specific limitations—for instance, that she could not sit for more than six hours at a time, or lift more than ten pounds occasionally—were not inconsistent with the ALJ's conclusion that Rios had the residual functional capacity to perform work not requiring exertion above the light level. Moreover, Dr. Straughn's diagnosis is unsupported by any clinical medical evidence and is generally inconsistent with other evidence in the record. Thus, the ALJ did not err in according little weight to Dr. Straughn's report.

sultant was relatively undemanding physically, and the medical evidence provides no indication that her physical impairments were so severe as to prevent her from performing that work. Similarly, there is no medical evidence to suggest that Rios's mental impairments were disabling prior to the onset date established by the ALJ, and it in fact appears that Rios concedes the propriety of the ALJ's findings on that score. In short, the ALJ's findings were supported by substantial evidence.

Accordingly, the order of the District Court will be AFFIRMED.